UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) |
| CHEE WEI FONG | )  Case No. 20-16813-KHT |
| | ) |
| Debtor. | )  Chapter 11 |
| | )  Subchapter V |

**STATEMENT OF DEBTOR ON DISCOVERY ISSUES IN DISPUTE REGARDING DEBTOR'S MOTION FOR RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS FROM EDWARD J. KLEN, STEPHEN J. KLEN, ANGRY BEAVERS LLC , HOLESTEIN SELF STORAGE LLC, AND GREAT WESTERN BANK AND MOTION FOR PROTECTIVE ORDER OF KLENS [Doc. Nos. 68, 69 and 70]**

1. In the present case the Debtor has filed a Motion for 2004 Examination of Stephen J. Klen, Edward J. Klen, and a representative officer, member, or manager of Angry Beavers LLC and Holestein Self Storage LLC. The Debtor also will be requesting the production of documents from Great Western Bank ("GWB) concerning the financial transactions and loans between GWB and Stephen J. Klen, Edward J. Klen, Armed Beavers, LLC ("Armed Beavers"), Happy Beavers, LLC ("Happy Beavers") and Gunsmoke LLC. A Rule 45 subpoena will be served upon GWB for the documents sought. The Klens have no standing to object on behalf of Great Western Bank.

2. The Klens filed their present Motion For Protective Orders [Doc. No. 70] citing Rule 26(C) of the F.R.C.P without any attempt to comply with the consultation requirements of Rule 26(C)(1). The motion is devoid of the Certification of Counsel requirement that a consultation has occurred. Indeed, the motion was filed almost immediately after this Court entered its order granting Debtor's Motion. There has been no attempt at compliance by the moving party and the motion should be stricken and denied for failure to comply with Rule 26(C)(1).

3. The Klens' motion itself incorrectly states that there is a pending adversary proceeding between this Debtor and the Klens. There is no such adversary proceeding pending at this time. The three LLC entities have filed an adversary proceeding against the Klens and others, Adversary Proceeding No. 20-01262, which is not yet at issue as a

Motion to Dismiss has been filed by the Klens. Moreover, the bankruptcy reference has been withdrawn and the adversary and the Motion to Dismiss are presently before the United States District Court. Absolutely no discovery has been done in that proceeding and it remains not yet "at issue."

4. In this case, the Debtor desires to obtain production and take the Rule 2004 exam of the second largest creditor in this case, and which the estate likely has offsets against the proof of claims of the Klens. The Debtor may very well have offsets that are in fact claims that can only be brought by adversary proceeding, but that determination has not yet been made. The primary purpose of a 2004 examination is to expedite the location of debtor's assets and determine its liabilities. See *In re Parikh*, 397 B.R. 518, 526 (Bkrtcy. E.D.N.Y. 2008). The Debtor may use Rule 2004 in furtherance of this focus.

5. The Debtor has a fiduciary duty to other creditors and the estate itself to investigate claims and offsets and to pursue, where legally and economically viable, claims of the estate.

6. Consistent with Rule 11, counsel also has an obligation to use due diligence to conduct a reasonable investigation and find facts to support the claim's objection, if one is to be filed, or before filing a complaint.

7. The Klens' motion does not assert the request is burdensome, or unreasonable, instead the motion argues that the pendency of the unrelated adversary case stays all attempts by the Debtor in this case to use Rule 2004. This is not the law nor is it an appropriate remedy in this case.

8. Assuming the Klens are entitled to some level of protection, this Court should enter its protective order restricting the use of any documents produced or Rule 2004 examinations taken to this bankruptcy proceeding only, or any contested matter or adversary proceeding filed by the Debtor or the Klens in this case. A similar protective order was crafted by the Honorable Judge McNamara in the case of In Re Fog Cap Retail Investors, Case No. 16-13815 TBM in a discovery dispute in that case, see Order dated December 16, 2016 at [Doc. No. 469]. Such an order protects the rights of both parties in the use of the material to be produced or examined upon.

WHERFORE the Debtor requests this Court to deny the Klens' motion for protective order and for such further relief as is just and appropriate under these circumstances.

Dated: December 29, 2020 **BUECHLER LAW OFFICE, L.L.C.**

.  Respectfully submitted,

BUECHLER LAW OFFICE, LLC

*/s/ Michael J. Guyerson*

---

Michael J. Guyerson # 11279
999 18th Street, Suite 1230-S
Denver, Colorado 80202
Tel:720-381-0045
Fax: 720-381-0382
Mike@KJBlawoffice.com
ATTORNEYS FOR THE DEBTOR

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of December, 2020, I served a true and correct copy of the foregoing **STATEMENT OF DEBTOR ON DISCOVERY ISSUES IN DISPUTE REGARDING DEBTOR'S MOTION FOR RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS FROM EDWARD J. KLEN, STEPHEN J. KLEN, ANGRY BEAVERS LLC , HOLESTEIN SELF STORAGE LLC, AND GREAT WESTERN BANK AND MOTION FOR PROTECTIVE ORDER OF KLENS [Doc. Nos. 68, 69 and 70]** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules, to the following parties entitled to service:

**Via U.S. Mail:**

Chee Wei Fong
3751 W. 136th Avenue, Unit S2
Broomfield, CO 80023

**Via CM/ECF:**

| | |
|---|---|
| Nancy D. Miller | Ingrid J. DeFranco |
| Michael C. Payne | Abbey Dreher |
| Alison Goldenberg | Joli A. Lofstedt |
| U.S. Trustee | |
| David Warner | |

*/s/ Teresa White*
_____
For Buechler Law Office, L.L.C.