**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Joseph G. Rosania, Jr.

| | |
|---|---|
| In re:<br><br>CHEE WEI FONG,<br>SSN: xxx-xx-3883<br><br>Debtor. | Case No. 20-16813-JGR<br>Chapter 11, Subchapter V |

**ORDER DENYING MOTION FOR A DETERMINATION AND ORDER THAT
11 U.S.C. § 1191(B) MAY NOT BE RETROSPECTIVELY APPLIED**

THIS MATTER comes before the Court on the Motion for a Determination and Order That 11 U.S.C. § 1191(b) May Not be Retrospectively Applied to Any Creditor Whose Claims Accrued Prior to August 23, 2019 (Doc. 149; "Motion") filed by Creditors Angry Beavers, LLC; Edward Klen; and Stephen Klen (collectively, "Creditors") on February 18, 2021. Debtor Chee Wei Fong ("Debtor") filed her objection (Doc. 195; "Response") on July 16, 2021, and Creditors filed their Reply (Doc. 203; "Reply") on August 3, 2021. Having reviewed the Motion, Response, Reply, and all other appropriate pleadings and authority, and being otherwise duly advised in the premises, the Court hereby finds and orders the following:

**FACTUAL AND PROCEDURAL BACKGROUND**

Congress enacted the Small Business Reorganization Act of 2019 ("SBRA"), Pub. L. No. 116-54, on August 23, 2019, effective February 19, 2020. The SBRA created a new section of Chapter 11, Subchapter V, "Small Business Debtor Reorganization," 11 U.S.C. §§ 1181-1195. More than a year after the enactment of the SBRA, Debtor filed her voluntary bankruptcy petition under Subchapter V on October 16, 2020. (Doc. 1.) This case is but one of five simultaneous, protracted, separately administered bankruptcy cases involving the same parties and underlying facts. The primary event that triggered the bankruptcy cases and the associated disputes was the sale of a shooting range from Creditors to Debtor and her business partner. More than a year has passed since this case was filed, including an approximately four-month-long standstill during which the parties unsuccessfully pursued settlement negotiations.

The present Motion requests that this Court declare that Section 1191(b) of Subchapter V "may not be retrospectively applied to any creditor's claim which accrued prior to August 23, 2019." (Doc. 149 at 5.) The Court took the Motion under advisement after holding oral argument on September 14, 2021.

## ANALYSIS

Creditors request the Court to construe 11 U.S.C. § 1191(b) so as to exclude its application to unsecured creditors whose rights had matured prior to that Section's enactment date of August 23, 2019. Section 1191(b) effectively rescinds the absolute priority rule for purposes of Subchapter V plan confirmation. Subchapter V makes numerous other significant changes to Chapter 11. Creditors argue that failing to construe Section 1191(b) as they request would result in an impermissible taking of their vested property rights, a violation of the Fifth Amendment to the United States Constitution. According to Creditors, the taking arises from the "retrospective application of Section 1191." (Mot. at 2.)

Debtor makes two procedural arguments in opposition to the Motion, as well as arguing the substance of Creditors' position. Because both procedural arguments have merit and are dispositive of the Motion, the Court will not address the substance of the Motion. The Court addresses each procedural argument in turn.

First, Debtor argues that the Motion must be brought by an adversary proceeding. Federal Rule of Bankruptcy Procedure 7001 sets forth the list of adversary proceedings. As pertinent here, Rule 7001 includes:

> (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, but not a proceeding under Rule 3012 or Rule 4003(d);
>
> . . .
>
> (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing . . . .

The Court finds that the relief requested in the Motion must be sought by way of an adversary proceeding under 28 U.S.C. § 2201(a) and Fed. R. Bankr. P. 7001. The United States Code provides for declaratory judgments:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). Creditors seek a declaratory judgment that would prevent the application of 11 U.S.C. § 1191(b) to their claims. In so doing, they seek to establish that 11 U.S.C. § 1129(15) (the "absolute priority rule") applies to the confirmation requirements in this case, thereby fixing the law that will decide claim priorities in this case. Although such a judgment would not directly or finally decide claim priorities, it would indirectly impact them—and all but decide them—by either applying or not applying the absolute priority rule. A bankruptcy court's decision on such a matter necessarily occurs within a proceeding under Fed. R. Bankr. P. 7001(2), a determination of the priority of an interest

in property. To hold otherwise would lead to an absurd result, an unjust elevation of form over substance. The applicable law is inextricably linked to the outcome of an issue, just as the rules of a game are inextricably linked to who wins. By deciding whether the absolute priority rule applies to confirmation, the Court adjusts the rules governing which claims have priority, thereby potentially (likely) changing the final claim priorities. It is precisely because of this result that Creditors pursued this Motion. A successful Motion would re-align claim priorities. Therefore, the Court finds that the requested relief seeks a declaratory judgment under 28 U.S.C. § 2201(a) regarding the determination of the priority of interests in property, which must be brought as an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(2) and 7001(9).

Second, Debtor argues that Creditors were required to, and failed to, comply with Fed. R. Civ. P. 5.1(a) (incorporated by Fed. R. Bankr. P. 9005.1), which requires a party to properly serve notice of a constitutional question upon the Attorney General of the United States if a motion draws into question the constitutionality of a federal statute. In reply to this argument, Creditors argue that they are not challenging "the constitutionality of 11 U.S.C. § 1191(b), but, rather seek a determination that it may not be retrospectively applied to their vested property rights, lest it offend the Fifth Amendment." (Reply at 3.) Creditors' argument is an oxymoron. While it is true that their challenge is not a facial challenge to the statute, it is an as-applied constitutional challenge. Their own words say as much: "lest it offend the Fifth Amendment." (*Id.*) Creditors appear to be asking the Court to only find a constitutional challenge if they lose on the Motion, but not to find a constitutional challenge if they win. This puts the cart before the horse. A challenge cannot be defined by its outcome; a challenge is present before a decision is rendered and, here, Creditors have asserted a constitutional challenge. Additionally, Creditors are not simply asking the Court to apply the law as written, but to take a large leap by ignoring Section 1191(b)'s present-tense language (e.g., "if all of the applicable requirements . . . are met with respect to a plan, the court . . . shall confirm the plan . . ."), and to read-in an exception for plan confirmations with claims that allegedly accrued prior to the passage of the SBRA. Creditors' Motion "draw[s] into question the constitutionality" of a federal statute. Therefore, Creditors must comply with Fed. R. Civ. P. 5.1(a).

## CONCLUSION

The Court questions whether Section 1191(b) implicates any vested property rights in this case. As set forth above, Creditors' Motion for a Determination and Order That 11 U.S.C. § 1191(b) May Not be Retrospectively Applied to Any Creditor Whose Claims Accrued Prior to August 23, 2019 (Doc. 149) is **DENIED** for failure to comply with Fed. R. Bankr. P. 7001 and 9005.1.

Dated this 23rd day of November, 2021.     BY THE COURT:

_____
Joseph G. Rosania, Jr.
United States Bankruptcy Judge